Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MIGDALIA LÓPEZ GÓMEZ<br><br>Parte Recurrida<br><br>v.<br><br>JOSÉ A. GONZÁLEZ HERNÁNDEZ Y OTROS<br><br>Parte Peticionaria | KLCE202500208 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: KPE2013-3300<br><br>Sala: 907<br><br>Sobre: Interdicto Preliminar y Permanente, Violación al Debido Proceso de Ley Contractual, Represalias (Ley Núm. 115 de 20 de diciembre de 1991), Discrimen (Ley 100 de 30 de junio de 1959), Despido Nulo e Injustificado (Ley Núm. 80 de 30 de mayo de 1976) |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 5 de marzo de 2025.

Es nota constitutiva de la justicia el tiempo oportuno, por lo que una dilación en la respuesta judicial puede ser una fuente de injusticia. *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

Comparece ante *nos*, la Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA o peticionario), mediante un recurso de *certiorari*, al que aneja una *Solicitud de Orden en Auxilio de Jurisdicción* y nos solicita que revisemos y revoquemos una *Orden de Ejecución* emitida el 24 de enero de 2025 y notificada el 30 de

Número Identificador

RES2025 _____

enero de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. Mediante dicho dictamen, el TPI declaró *Con Lugar* la solicitud de ejecución de sentencia que presentó Migdalia López Gómez (López Gómez o recurrida).

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de *certiorari* por falta de jurisdicción por prematuro y, en consecuencia, se declara *No Ha Lugar* la solicitud de auxilio de jurisdicción.

**I.**

Surge del expediente ante *nos* que, el 5 de junio de 2013, López Gómez presentó una *Demanda* contra la AEELA y otros, sobre Interdicto Preliminar y Permanente por despido injustificado, discrimen y represalias. Consecuentemente, el 27 de marzo de 2014, el foro primario emitió una *Sentencia Parcial* mediante la cual declaró *Con Lugar* la solicitud de interdicto preliminar. Posteriormente, el 9 de abril de 2014, la parte peticionaria presentó un recurso de apelación con designación alfanumérica KLAN201400569. Así, el 30 de septiembre de 2014, un panel hermano de este Tribunal emitió una *Sentencia* mediante la cual modificó la *Sentencia Parcial* emitida por el TPI.

Entretanto, el 9 de junio de 2020, el foro primario emitió una *Sentencia* mediante la cual declaró *Con Lugar* la reclamación de despido injustificado. Asimismo, declaró *No Ha Lugar* las demás reclamaciones de la recurrida y dejó sin efecto la *Sentencia Parcial* emitida el 27 de marzo de 2014, por virtud de la cual había concedido el interdicto preliminar. Inconforme, la parte recurrida compareció ante *nos* mediante un recurso de apelación con designación alfanumérica KLAN202000937 y el que, posteriormente, fue consolidado con el recurso KLAN202000938. Así pues, el 28 de septiembre de 2022, emitimos una *Sentencia*

mediante la cual se modificó la *Sentencia* emitida por el foro primario.

Así las cosas, el 16 de octubre de 2023, la parte peticionaria presentó una *Moción Sobre Ejecución de Sentencia*. Luego de varios incidentes procesales, innecesarios pormenorizar, el 17 de enero de 2025, la recurrida presentó una *Moción Informativa y en Solicitud de Cumplimiento Específico y Ejecución de Sentencia [...]*. El 24 de enero de 2025, el foro primario emitió una *Orden* mediante la cual declaró *Con Lugar* la solicitud de ejecución de sentencia de la parte recurrida. Dicha *Orden* fue notificada a las partes el 30 de enero de 2025.

Inconforme, el 30 de enero de 2025, la parte peticionaria presentó una *Urgente Solicitud Para Que Se Deje Sin Efecto Orden de Ejecución*. De otro lado, el 12 de febrero de 2025, la recurrida presentó una *Moción Urgente en Oposición a la Urgente Solicitud Para Que Se Deje Sin Efecto Orden de Ejecución [...]*. El 4 de marzo de 2025, AEELA presentó un *Recurso de Certiorari* y una *Solicitud de Orden en Auxilio de Jurisdicción*. Mediante el *Recurso de Certiorari*, la parte peticionaria alegó la comisión de los siguientes errores:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR LA ORDEN DE EJECUCIÓN DE 24 DE ENERO DE 2025, PUES DICHA DETERMINACIÓN EQUIVALE A UNA RECONSIDERACIÓN EXTEMPORÁNEA Y SIN JURISDICCIÓN DE SU RESOLUCIÓN DE 5 DE MARZO DE 2024, MEDIANTE LA CUAL YA HABÍA DENEGADO LA SOLICITUD DE EJECUCIÓN PRESENTADA POR LA DEMANDANTE. ESTA ACTUACIÓN CONTRAVIENE EL PRINCIPIO DE FINALIDAD DE LAS DETERMINACIONES JUDICIALES Y DESCONOCE LA AUTORIDAD DEL TRIBUNAL DE APELACIONES, QUE YA RESOLVIÓ QUE LA SENTENCIA PARCIAL DE 2014 CARECE DE EFECTO JURÍDICO Y NO ES SUSCEPTIBLE DE EJECUCIÓN.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA ORDEN DE EJECUCIÓN QUE IGNORA LOS PRONUNCIAMIENTOS DEL TRIBUNAL DE APELACIONES EN LOS CASOS CONSOLIDADOS KLAN202000937 Y KLAN202000938 (28 DE SEPTIEMBRE DE 2022) Y EN KLCE202400408 (31**

**DE MAYO DE 2024), DONDE SE ESTABLECIÓ QUE LA "SENTENCIA PARCIAL" DE 2014 SOLO TENÍA EFECTOS PROVISIONALES Y QUE SU VIGENCIA FUE EXPRESAMENTE REVOCADA POR LA SENTENCIA FINAL DE 2020. AL HACERLO, EL TRIBUNAL INFERIOR ACTUÓ EN DESCONOCIMIENTO DE LA JERARQUÍA JUDICIAL Y DEL PRINCIPIO DE LEY DEL CASO.**

## II.

### A. La jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC*, 2024 TSPR 69, 213 DPR ____ (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135

(2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra*

*vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

De conformidad con lo anterior, se entiende que un recurso prematuro es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997). Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357 (2001). Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo.

Así pues, los tribunales no tenemos discreción para asumir jurisdicción donde no la hay. *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019); *Martínez v. Junta de Planificación*, 109 DPR 839 (1980). Así, reiteramos que la falta de jurisdicción no puede ser subsanada, ni podemos arrogarnos la jurisdicción que no tenemos. *Maldonado v. Junta de Planificación, supra.* Incluso, aunque la parte no lo planteen, estamos obligados a velar por nuestra jurisdicción. *Lagares v. E.L.A.*, 144 DPR 601 (1997). Por tanto, un recurso prematuro nos impide entrar en sus méritos puesto que, en tales circunstancias, carecemos de jurisdicción. *Juliá et al. v. Epifanio Vidal, S.E.*, *supra.*

De conformidad con lo anterior, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

Así, también, es norma reiterada que el perfeccionamiento adecuado de los recursos ante este Tribunal debe observarse

rigurosamente. *Hernández Maldonado v. Taco Maker,* 181 DPR 281 (2011); *García Ramis v. Serrallés,* 171 DPR 250 (2007).

**III.**

Según surge del tracto procesal que antecede, el 24 de enero de 2025, el foro primario emitió una *Orden,* notificada el 30 de enero de 2025, mediante la cual declaró *Con Lugar* la solicitud de ejecución de sentencia de la parte recurrida. Consecuentemente, el 30 de enero de 2025, la parte peticionaria presentó una *Urgente Solicitud Para Que Se Deje Sin Efecto Orden de Ejecución.* Asimismo, el 12 de febrero de 2025, la recurrida presentó una *Moción Urgente en Oposición a la Urgente Solicitud Para Que Se Deje Sin Efecto Orden de Ejecución [...].*

Sin embargo, estando ante la atención del foro primario la solicitud de reconsideración de la parte peticionaria desde hace al menos treinta y tres (33) días, este último presentó ante *nos* un *Recurso de Certiorari* y una *Solicitud de Orden en Auxilio de Jurisdicción.* Esto, sin que el TPI haya resuelto la *Urgente Solicitud Para Que Se Deje Sin Efecto Orden de Ejecución* y los escritos subsiguientes. Por lo tanto, tomando en consideración que, a la fecha de la presentación del recurso de epígrafe, el TPI no había hecho pronunciamiento alguno con relación a la solicitud de reconsideración que presentó la parte peticionaria ante su consideración, el *Recurso de Certiorari* ante *nos* es prematuro.

Así pues, reiteramos que un recurso prematuro es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co., supra.* Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E., supra.*

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el *Recurso de Certiorari* por prematuro y, en consecuencia, se declara *No Ha Lugar* la solicitud de auxilio de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones